# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:07cv0795 AWI DLB |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITION FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENA |
| v. | ) | (Document 1) |
| MARVIN D. HORNE, et al., | ) | |
| Respondents. | ) | |

Petitioner United States of America ("Petitioner") filed the instant petition for summary enforcement of a United States Department of Agriculture ("USDA"), Agricultural Marketing Service ("AMS") subpoena duces tecum issued to Respondents[1] on December 19, 2006. The matter was heard on July 27, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kirk E. Sherriff appeared on behalf of Petitioner. Brian C. Leighton appeared on behalf of Respondents.

**PROCEDURAL AND FACTUAL HISTORY**

AMS is investigating whether Respondents violated the Marketing Order for Raisins Produced from Grapes Grown in California, 7 C.F.R. pt. 989 ("Raisin Marketing Order") during the period December 1, 2003, through July 31, 2006. AMS contends that Respondents were

---

[1] The subpoena was issued to Respondents Marvin D. Horne, Laura R. Horne, Don Durbahn, Raisin Valley Farms, Raisin Valley Farms LLC, Raisin Valley Farms Marketing, Raisin Valley Farms Marketing LLC, Raisin Valley Farms Marketing Association, Lassen Vineyards and Lassen Vineyards LLC.

"handlers" of California raisins under the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. § 610(h) ("AMAA") and the Raisin Marketing Order. AMS also believes that Marvin D. Horne and Laura R. Horne are partners in Raisin Valley Farms, Raisin Valley Farms Marketing, and Raisin Valley Farms Marketing Association. AMS further believes that Marvin D. Horne, Laura R. Horne and Don Durbahn are partners in Lassen Vineyards.

For the purposes of this investigation, AMS issued subpoenas duces tecum to Respondents on December 19, 2006. Respondents were served on December 26, 27, and 28, 2006. Respondents' attorney, Brian C. Leighton, appeared on their behalf on January 18, 2007. Respondents did not appear and no documents were produced.

On March 5, 2007, Respondents filed an administrative petition with the USDA seeking a declaration by the USDA Court that they are not subject to the Raisin Marketing Order or the AMAA. The USDA moved to dismiss the petition, alleging that since Respondents did not admit to being raisin handlers, they did not have standing to bring an administrative petition. The ALJ issued an order denying the motion to dismiss on May 21, 2007, finding that Respondents had standing based on the USDA's overt intention, through the investigation and subpoenas, to make the AMAA and Raisin Marketing Order applicable to them. The USDA appealed this decision to the Judicial Officer. Respondents filed their opposition and the matter is now under submission.

Petitioner filed this action to enforce the subpoena on May 30, 2007. The Court issued an order to show cause why the subpoena should not be enforced and set the matter for hearing. Respondents answered the petition and responded to the order to show cause on June 18, 2007. Petitioner filed its reply to the response on July 20, 2007.

**DISCUSSION**

A.  Legal Standard

The scope of judicial inquiry in an agency subpoena enforcement proceeding is quite narrow. Petitioner is entitled to enforcement of the subpoena if (1) Congress has granted it the authority to investigate; (2) the procedural requirements have been followed; and (3) the evidence is relevant and material to the investigation. E.E.O.C. v. Children's Hosp. Med. Ctr. of

N. Cal., 719 F.2d 1426, 1428 (9th Cir. 1983) (overruled on other grounds).  If Petitioner establishes these factors, the subpoena should be enforced unless Respondents can prove that the inquiry is unreasonable because it is overbroad or unduly burdensome.  Id.

Section 10(h) of the AMAA, 7 U.S.C. § 610(h), incorporates and vests in the Secretary of Agriculture the subpoena power set forth in Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49.

B.    Analysis

Respondents do not dispute that Congress has granted the USDA authority to investigate nor do they contend that Petitioner failed to follow the procedural requirements.  Instead, they argue that this action should be dismissed or stayed pending the outcome of the administrative proceeding.  If the Court is not inclined to do so, Respondents contend that the subpoenas are overbroad and burdensome.

In support of their argument for dismissal or a stay, Respondents contend that they are attempting to exhaust their administrative remedies, as the USDA so often requires.  They also argue that whether their "marketing association" should be characterized as a "handler" or "producer" is a legal question best suited for the expertise of the USDA administrative process.

While the Court agrees that the USDA should decide the legal question, denying Petitioner discovery through the administrative subpoena process will prevent it from obtaining the evidence that it needs to make the *factual* determination.  In other words, although Respondents vehemently deny that their association qualifies as a handler, Petitioner is entitled to discover the information that will allow it to determine this very question.  Without such information, Petitioner will be unable to test Respondents' factual assertions about the nature and characterization of their enterprise.

As to the reasonableness of the subpoena, the requested documents are relevant to the USDA's investigation because they are related to the investigation into whether Respondents were acting as handlers during the specified time frame.  That said, the parties are reminded that the request for documents requested are limited to the names, entitles and lot numbers identified.  The parties agreed that if Respondents wish to omit customer identifying information, such

1  information may be replaced with alphabetical or numerical identifiers that will allow
2  identification should it become necessary.
3      Finally, insofar as Respondents cite their Fifth Amendment rights, the privilege is a
4  *testimonial* privilege.  <u>In re Grand Jury Subpoena, Dated April 18, 2003</u>, 383 F.3d 905, 909 (9th
5  Cir. 2004).  Although there are circumstances under which the act of producing documents may
6  have incriminating testimonial aspects (i.e., production of the documents is an admittance that
7  the documents exist, are in the witness' possession or control, and are authentic, and may be
8  "testimonial self-incrimination" depending on the criminal charges at issue), those circumstances
9  are not present here.  <u>Id</u>. 383 F.3d at 909-910; <u>Fisher v. United States</u>, 425 U.S. 391, 410 (1976).

## ORDER

11      Accordingly, based on the above, the petition for summary enforcement of the
12  administrative subpoenas is GRANTED.  Pursuant to the discussion at the hearing, Respondents
13  SHALL produce, through counsel, all responsive documents within sixty (60) days of the date of
14  service of this order.

16      IT IS SO ORDERED.
17      Dated:   **August 1, 2007**           /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE