# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:07cv0795 AWI DLB |
| | ) | |
| | ) | |
| Petitioner, | ) ) | ORDER DENYING RESPONDENTS' MOTION TO QUASH THIRD PARTY SUBPOENAS DUCES TECUM |
| v. | ) | |
| | ) | (Document 11) |
| MARVIN D. HORNE, et al., | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Respondents Marvin D. Horne, Laura R. Horne, Don Durbahn, Raisin Valley Farms, Raisin Valley Farms LLC, Raisin Valley Farms Marketing, Raisin Valley Farms Marketing LLC, Raisin Valley Farms Marketing Association, Lassen Vineyards and Lassen Vineyards LLC ("Respondents"), filed the instant motion to quash third party subpoenas duces tecum issued to various customers on March 14, 2008.  After the Court granted an order shortening time, the matter was heard on April 2, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Kimberly Gaab appeared on behalf of Petitioner United States of America ("Petitioner").  Brian C. Leighton appeared on behalf of Respondents.

///
///
///
///

1

**BACKGROUND**

By this motion, Respondents seek to quash subpoenas duces tecum issued by the United States Department of Agriculture ("USDA") to various customers.[1] They have filed their motion in the instant case, initiated by Petitioner on May 30, 2007. Petitioner sought to enforce a USDA/Agricultural Marketing Service ("AMS") subpoena duces tecum issued to Respondents on December 19, 2006. On August 2, 2007, the Court granted the petition and ordered Respondents to produce the requested documents within sixty days. In so finding, the Court determined that Petitioner needed the requested information to make a factual decision as to whether Respondents were "handlers" or "producers" under the Agricultural Marketing Agreement Act of 1937, 7 U.S.C. § 610(h) ("AMAA") and the Marketing Order for Raisins Produced from Grapes Grown in California, 7 C.F.R. pt. 989 ("Raisin Marketing Order").

The Court closed the action on August 2, 2007.

On October 1, 2007, pursuant to this Court's order, Respondents produced documents.

Respondents filed the instant motion on March 14, 2008. On March 18, 2008, Petitioner opposed the motion. Respondents filed their reply on March 27, 2008.

**DISCUSSION**

Respondents explain that they recently learned that at least four of their customers have received subpoenas duces tecum from the USDA/AMS regarding documents that relate to Respondents. As an example, Respondents attach the subpoena issued to Pacific/Atlantic Crop Exchange, Inc. The subpoena appears to be identical to the one issued previously to Respondents, although it requests documents from December 1, 2003, through February 22, 2008. Respondents believe that the subpoenas have been issued for the sole purpose of harassing Respondents' customers and damaging their relationships with Respondents. Respondents

---

[1] Respondents believe that four subpoenas to customers have been issued, but suggest in their motion that there may be more. Respondents identify the customers Pacific/Atlantic Crop Exchange, Inc., United Naturals, Multiple Organics and Food for Life. At the hearing, Petitioner confirmed that these were the only four subpoenas issued. Of the four customers, one has produced documents. Of the remaining three, only Pacific/Atlantic Crop has a scheduled appearance date, which has been extended to April 18, 2008.

further argue that the subpoenas do not seek evidence that is relevant and material to the investigation.

1.   *Jurisdiction*

The fundamental problem with Respondents' motion is that this Court lacks jurisdiction. While the subpoenas at issue are related to the USDA's investigation of Respondents, it does not necessarily follow that Respondents can challenge them in this Court, either in the instant *closed* case or a new action. This action was brought for the sole purpose of *enforcing* the subpoena issued to Respondents. The Court's jurisdiction for entertaining the petition was based on the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 49, made applicable to the Secretary of Agriculture by Section 10(h) of the AMAA, 7 U.S.C. § 610(h). Section 49 vests the Secretary with subpoena power and gives jurisdiction to the district court to enforce the subpoena "in case of contumacy or refusal to obey a subpoena." District courts therefore "have jurisdiction to issue writs of mandamus commanding any person, partnership, or corporation to comply" with administrative subpoenas. 15 U.S.C. § 49.

Pursuant to this authority, then, this Court granted the petition to enforce the subpoena issued to Respondents and closed the action on August 2, 2007. Although the Court maintains continuing jurisdiction and can adjudicate further issues, it can only do so to the extent the issues relate to the *enforcement of the petition* originally before this Court. In cannot, as Respondents suggest, assume jurisdiction simply because the subpoenas now at issue arose out of, or are related to, the original subpoena.

Nor does this Court have an independent basis for jurisdiction. While 15 U.S.C. § 49 provides jurisdiction to enforce a petition, it does not provide jurisdiction to quash a petition. Neither the Court nor the parties are aware of any other statutory basis for jurisdiction.

The Court recognizes Respondents' frustration with this result. Other administrative agencies, such as the Internal Revenue Service, have chosen to adopt the FTC regulations that provide for an administrative forum for quashing subpoenas. The USDA chose not to do so and therefore leaves the parties from which it requests documents with no administrative remedies. This places the third parties in the unfortunate position of having no proactive remedy. Instead,

3

1  they must refuse to comply with the subpoena and stand by while the USDA decides whether to
2  move to enforce the subpoena pursuant to 15 U.S.C. § 49.  Respondents' frustration is
3  compounded by their belief that forcing their customers to refuse to comply with the subpoena,
4  rather than preemptively quashing it, will result in a loss of business.  Again, the Court
5  understands Respondents' frustration with this "Catch-22", but the absence of a remedy cannot
6  confer jurisdiction on this Court.
7        Accordingly, the Court finds that it does not have jurisdiction over Respondents' motion
8  to quash.
9  2.   *Standing*
10        Even assuming this Court had jurisdiction, it is not clear that Respondents have standing
11  to challenge the subpoenas issued to their customers.  Respondents believe that standing exists
12  because they characterize the requested records as *their* records.  At the hearing, though,
13  Petitioner suggested that the documents they have received from the one responding customer
14  involve only sales documents and other business records, and that such documents are sufficient.
15  Although such documents may *relate* to Respondents, the documents are the customer's records
16  of commercial transactions.  As the customer's records, then, standing to challenge disclosure
17  belongs to the customer, not Respondent.
18  3.   *The Scope of the Subpoenas*
19        Even if the Court could reach the merits of Respondents' motion, their motion would be
20  denied. Based on Petitioner's assertion at the hearing that documents relating to commercial
21  transactions with Respondents are sufficient, it is reasonable for the USDA to use the subpoenas
22  to verify the records produced by Respondents.  E.E.O.C. v. Children's Hosp. Med. Ctr. of N.
23  Cal., 719 F.2d 1426, 1428 (9th Cir. 1983) (overruled on other grounds).  Nonetheless, given the
24  breadth of the subpoena served (and the ease with which they could have been narrowed) and
25  Petitioner's concession that a narrow set of documents would suffice, it certainly lends credence
26  to Respondents' belief that the subpoenas were issued, at least in part, to harass Respondents'
27  customers.  It is unfortunate that Petitioner did not begin its quest for information with properly
28  tailored subpoenas.

As to Respondents' attempt to argue that the subpoenas are burdensome, this argument must be made by the parties to which the subpoenas are directed, as they have the specific, individualized knowledge necessary to make such a determination.

Therefore, based on the above, Respondents' motion to quash subpoenas duces tecum issued to their customers is DENIED.

IT IS SO ORDERED.

Dated:   **April 3, 2008**                            **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE